UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Eugene Warren, #70874-083, | ) C/A No. 3:10-2086-MBS-JRM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Darlene Drew, *et al.*, | ) |
| Respondent. | ) |

This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The petitioner is a federal prison prisoner who was confined in the District of South Carolina when he filed this case. Therefore, in the event that a limitations issue arises, the petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. The petitioner is now confined at a federal correctional institution in New Jersey.

In an order filed in this case on September 23, 2010, the undersigned directed the petitioner to pay the five-dollar ($5) filing fee or submit a motion to proceed *in forma pauperis*. The petitioner has paid the five-dollar ($5) filing fee. *See* Receipt No. SCX300036649 (D.S.C. Nov. 1, 2010). Hence, the above-captioned case is now "in proper form."

1

In the three-page petition (ECF No. 1-1), the petitioner states that he is submitting "A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 FOR VIOLATION OF FIRST AMENDMENT RIGHTS[.]" The petitioner alleges that officials at FCI-Bennettsville have refused to allow him to receive a Bible mailed to him by a church, have opened and delayed his receipt of incoming legal mail and other mail, have delayed the mailing of his outgoing legal and other mail. Incorporated into the petition, at pages 4-18, appears to be form promulgated by one of the many self-help websites (sedm.org). The use of the phrase *sui juris* suggests that the petitioner is attempting to refer to the doctrine of *jus summi imperii* (sometimes called *jura summa imperii*) which refers to the right of supreme dominion or the right of sovereignty. *Black's Law Dictionary* (electronic edition, 1999). *Jus* and *jura* are singular and plural forms, respectively, of the Latin word meaning "right." There is no such thing as a writ of sovereign rights, although such references frequently appear in pleadings filed by tax protesters and members of militia groups. *See* Tanya Telfair Sharpe, *The Identity Christian Movement: Ideology of Domestic Terrorism*, 30 Journal of Black Studies Issue 4 (March 1, 2000), *reprinted at* 2000 WL 12727206.

Appended to the Section 2241 petition *as an exhibit* (ECF No. 1-1) is a completed District of South Carolina Section 2241 petition, wherein most of the questions are answered "N/A." In Part 15(c) of the District of South Carolina Section 2241 form, the petitioner summarizes his problems relating to his incoming and outgoing mail. In the relief portion of the District of South Carolina Section 2241 form, the petitioner seeks a court order directing "this institution" from delaying his mail and opening his legal mail. The petitioner also seeks a restraining order "against the government and the staff of this institution" from retaliating against him.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition with attachments and the motion to proceed *in forma pauperis* pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The review[*] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been utilized only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir. 1990),

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such petitions or complaints for relief and submit findings and recommendations to the District Court.

*cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); and actions under the "Savings Clause," *In re Jones*, 226 F.3d 328 (4th Cir. 2000).

The claims raised by the petitioner in the above-captioned case concern his right to receive a Bible from an outside church, which mailed a Bible to the petitioner, and legal mail. *Witherow v. Paff*, 52 F.3d 264, 265 (7th Cir. 1995) (prisoners enjoy a First Amendment right to send and receive mail). The claims raised by the petitioner are not valid habeas corpus grounds because his receipt or non-receipt of a Bible and mail does not affect the length or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The petitioner is obviously raising civil rights claims, which are cognizable under the holding in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *See also Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982).

By filing this action pursuant to 28 U.S.C. § 2241 and seeking two types of court orders directed against "the institution" and "the staff of this institution [FCI-Bennettsville]," this case

4

became moot when the petitioner was transferred to FCI-Fort Dixon in October 2010. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-88 (4th Cir. 2007); *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, No. 91-155-M, 1994 U.S.Dist. LEXIS 12499, *8-*9, 1994 WL 470568 (D.N.H. Sept. 2, 1994), *reconsideration denied, I.D. by W.D. v. Marston*, 1994 U.S.Dist. LEXIS 17258 (D.N.H. Nov. 30, 1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

The petitioner cannot obtain a restraining order "against the government" in this habeas corpus action because the government is not the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31,

1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

November 17, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).